PEOPLE ex rel. COLE v. SUPRS. OF GREENE CO.   299

THIRD DEPARTMENT, JANUARY TERM, 1886.

## THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD M. COLE, Appellant, v. THE BOARD OF SUPERVISORS OF GREENE COUNTY, Respondent.

*Publication of terms of court — the board of supervisors will not be compelled to audit a bill for such publication, made under an order of the court.*

The relator, pursuant to an order of the Special Term of the Supreme Court, published in his newspaper the official notices of the appointment of the several terms of the Supreme Court and Courts of Oyer and Terminer and of the General Terms of the Third Judicial District. A bill therefor, duly verified, having been presented by him to the board of supervisors for audit, and by it disallowed, the relator moved for a peremptory *mandamus* to compel the allowance of his bill.

*Held,* that the motion was properly denied. (*People ex rel. Cole* v. *Hill,* 36 Hun, 619, followed.)

The court recognizes the fact that there is an inherent power of the court, when in session, to incur such expenses as may judicially be determined to be necessary, in cases of exigency, to maintain authority, punish offenders and prevent the miscarriage of justice, and does not intend by refusing the relator's application, to trench upon the just exercise of this power, but prefers to be understood as excluding from its scope whatever does not strictly fall within it.

Appeal from an order of the Greene County Special Term, denying a motion for a peremptory *mandamus.*

The relator, pursuant to an order of the Special Term, published in his newspaper the official notices of the appointments of the several terms of the Supreme Court and Courts of Oyer and Terminer and of the General Terms of the Third Judicial District. He presented his bill duly verified to the board of supervisors of Greene county for audit, and that body refused to allow him anything therefor.

*Hallock, Jennings & Chase,* for the relator.

*Sidney Crowell,* for the respondent.

Landon, J.:

The case of *The People ex rel. Cole* v. *Hill* (36 Hun, 619) is decisive of this case against the relator. We there held that what publication should be given to these notices was a matter of legislative not of judicial cognizance. The legislature has made some

provision for the publication. (Code Civil Pro., §§ 225, 226, 232, 233.) Perhaps more should be provided. If so, the proposition seems too plain to need discussion, that the judicial department has not been vested with the power to prescribe the law for such publication and to direct the execution of that law.

We recognize the fact that there is an inherent power of the court, when in session, to incur such expense as may judicially be determined to be necessary in cases of exigency, to maintain authority, punish offenders, and prevent the miscarriage of justice. We do not mean by refusing the relator's application to trench upon the just exercise of this power; we prefer to be understood as excluding from its scope whatever does not strictly fall within it. It is essential that the power be preserved, and it is desirable that it shall be exposed as little as possible to abuse. It is urged that the precedents for this order are numerous. This may be so, and perhaps is so far so, as to suggest the idea that such orders may become liable to extend into a sort of patronage. Hence the greater reason for the re-examination of the power upon which they are supposed to rest.

The order should be affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Order affirmed, with costs.